Chief Justice Robertson,
delivered the opinion of the court.
The plaintiff in error, as administratrix of the goods and chatties of John Butler, deceased, sued the defendant in assumpsit on the general issue; a verdict and judgment were rendered in favor of the defendant.
The plaintiff proved that the intestate died at the house of the defendant, leaving money which the de-fandant kept and applied to-his own use.
To avoid the effect of this evidence, the defendant read a. deed from the intestate to the wife of the fendant and other children of the intestate, giving to them, all the estate which he owned at the date of the deed, or should own at-his death. The deed was dated some years prior to his death. The plaintiff objected to the deed as inadmissible and irrelevant; but the court overruled the objection, and the palintiff ex-ceptsd.
, , i, , . „ ,, , The deed, could not prove a gift of the money to the defendant, orto the children of the grantor. The money was not in esse at the date of the deed; nor was it the natural fruit or offspring of any thing then in being, and which passed by the deed; nor, if the intestate had been in possession of the money at the date of the deed,.would it have-passed to the donees in virtue of the gift. The deed cannot be construed, to embrace it; it could pass as a gift, by delivery only,.
But the deed' might have furnished a fact, (to-wit: the intention of the intestate to give away every thing which, he should own at his death,) which might have tended legitimately to fortify other facts, conducing to prove a gift and delivery of the money, by the intestate to the defendant, about the time of his death. And for this purpose alone, it might have been admissible. But there was no evidence whatever, from which the jury could have inferred such a gift and delivery.
As the utmost extent to which the deed could have operated as evidence, was to evince an intention to *140 give, it was ineffectual and impertinent, because there was not even the slightest circumstance tending to prove an actual gift. Proof of a simple intention to give, should not have been allowed without any evidence from which, without the proof of intention in the abstract,, a gift could have been in any degree inferred.
Monroe, for plaintiff; Richardson, for defendant.
The deed could therefore, have had no other effect than to mislead the jury. Besides, the evidence did not justify the verdict. •
Wherefore, the judgment is reversed, and the cause remanded for a new trial.